IN THE OREGON TAX COURT

WY'EAST COLOR, INC.
*v.*
DEPARTMENT OF REVENUE
(TC 3053)

Kevin O'Connell, O'Connell, Goyak & DiLorenzo, Portland, represented plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered December 4, 1991.

**CARL N. BYERS, Judge.**

Plaintiff appeals the assessed value of leased property as of January 1, 1989. The subject property is located on Corbett Avenue in Portland and consists of 2.2 acres, improved with a 33,631 square foot office building, a 4,050 square foot shop building, and a 2,408 square foot residence.

The property has been owned by the American National Red Cross (Red Cross) since the 1960s. The Red Cross vacated the property in late 1984 or early 1985 and offered it for sale in the open market at $1,600,000. After approximately 18 to 24 months, plaintiff became interested in

the property and began negotiations to acquire it. Plaintiff attempted to have the zone changed from multiple residential to light industrial. That attempt failed. However, plaintiff was able to obtain a revocable use permit which permits only plaintiff to use the property for a photo processing laboratory. Although the permit is revocable at will, it has a stated term of 20 years. The permit is not transferable and it is unlikely anyone else could obtain a similar permit.

Having obtained the permit, plaintiff then negotiated a lease with the Red Cross. The lease, dated November 14, 1986, extends for 12 years and provides for a triple net rent of $8,165 per month.[1] The lease contains an option which permits plaintiff to purchase the property for $350,000 after 1993.

The revocable use permit presents special valuation issues. The use of the property as a photo processing laboratory is inconsistent with the zoning ordinance. The appraisers agreed that the highest and best use of the land as vacant is for high density, multiple residential use. They also agreed that the value of the land as vacant would be $800,000 to $825,000.

The real dispute is over the value of the improvements. Plaintiff's appraiser attributes no value or very little value to the improvements. He does so on the rationale that plaintiff's use of the property is unique. Since the revocable permit is not transferable, he views the property as available in the market without the permit. Under these circumstances and due to the nature of the improvements, only the residence is viewed as having any market value.

Defendant's appraiser believes that the improvements have other valuable uses. Using the three traditional approaches to value, defendant's appraiser concludes that the improvements have a value of $405,000, and the land has a value of $870,000, for a total of $1,275,000.

■ Based on the evidence adduced by the parties, the court finds that the property has no immediate market value.

---

[1] Plaintiff's president testified that the net rent was $8,000 per month. The more specific figure is found in defendant's Opinion and Order No. 89-3989.

The presence of the nonconforming use under a nontransferable, limited, revocable use permit makes the property unmarketable as it exists. ORS 308.205(1) (1989 Replacement Part) provides:

> "If the property has no immediate market value, its true cash value is the amount of money that would justly compensate the owner for loss of the property."

■ Under this statute, the court must determine what the owner would lose if the property were taken in eminent domain. In this case, the court finds that the best measure of that value is the stream of income, plus the residual value of the land.

Defendant's appraiser came close to what the court views as the correct solution. Using estimated market rents, he projected a net income for the total property. He then deducted that portion of the income earned by or attributable to the land. He derived this amount by estimating the value of the land supporting the improvements and multiplying that amount by 8.5 percent, which represents a reasonable return on the land. The appraiser divided the balance of the net income of $70,965 by a capitalization rate of 17.5 percent to derive an estimated value for the improvements of $405,514. This capitalization rate was adjusted to reflect the 17 years remaining on the revocable use permit as of the assessment date.

The court rejects the use of projected income since the test here is loss to the owner. The owner would not lose a market rate of income, but the actual rent paid by plaintiff.

Plaintiff leases the property under a triple net lease requiring payments of $8,164.61 per month, or $97,975 per year. Assuming that the land value is $825,000, and a reasonable rate of return for investment in the land is 8.5 percent, the income attributable to the land would be $70,125. This leaves $27,850 as income attributable to the improvements.

Defendant's appraiser used a capitalization rate of 17.5 percent to estimate the value of the improvements. That rate is a composite of 8.5 percent (basic rate) plus 5.9 percent (recapture based on 17-year period) and 3.3 percent (property taxes). Since the income is from a triple net lease and the owner does not pay the property taxes, no tax component

should be added. Also, the recapture period should be based on the remaining lease period of 10 years. Thus, the correct capitalization would be 8.5 percent plus 10 percent (recapture) or 18.5 percent. Dividing $27,850 by 18.5 percent results in an improvement value of $150,540. Adding this amount to the land value of $825,000 results in a total value for the land and improvements of $975,540.

■ The court is aware that plaintiff has an option to purchase the property from the Red Cross for $350,000 after 1993. However, for property taxation purposes, assessed value includes all interests in the property, including the value of the lessee's interest. Accordingly, for purposes of this determination that option price may be ignored.

Based on the above, the court finds that the true cash value of the subject property as of January 1, 1989, was $975,540. Costs to neither party.